Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff,
Kevin Lemieux

FILED
08 OCT -6 PM 2: 52
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

KEVIN LEMIEUX, an individual, on behalf of himself,

        Plaintiff,

v.

NCO FINANCIAL SYSTEMS INC.,

        Defendant.

CASE NO.: '08 CV 1815 WQH BLM
[Unlimited Civil]

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.;
2. WILLFUL AND/OR KNOWING VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.;
3. INVASION OF PRIVACY;
4. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.
5. FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

[Jury Trial Demanded]

PLAINTIFF'S COMPLAINT FOR DAMAGES      PAGE 1 OF 13

## INTRODUCTION

1. Kevin Lemieux ("Plaintiff") brings this action for damages and any other available legal or equitable remedies resulting from the actions of Defendant NCO ("Defendant,"), in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and for Invasion of Privacy.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be

prohibited from engaging in unfair or deceptive acts or practices.

4. The California legislature has enacted statutes that are meant to ensure that consumers are protected from unfair dealings and to prohibit unfair or unconscionable conduct toward consumers in connection with rental-purchase transactions.

5. Plaintiff by Plaintiffs' attorneys, bring this action to challenge the actions of NCO Financial Systems Inc., (hereinafter "NCO"), with regard to attempts by NCO, a debt collector, to unlawfully and abusively collect an alleged debt claimed owed by Plaintiffs, and this conduct caused Plaintiffs damages.

6. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

### *Jurisdiction and Venue*

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Venue is proper pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1391(c).

10. Plaintiff is informed, believes, and thereupon alleges that Defendant, NCO Financial Systems Inc., is a California corporation that regularly does business within the State of California and the County of San Diego. Plaintiff is a resident of the County of San Diego. Defendant violated the aforementioned statutes and are thereby liable to Plaintiff within the County

of San Diego.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, an individual, a citizen of the State of California, and a resident of the County of San Diego when the events giving rise to Plaintiff's causes of action occurred. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (10).

12. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant, NCO Financial Systems Inc., is a California corporation and "person" as defined by 47 U.S.C. § 153 (10).

15. Plaintiff is informed and believes, and thereon allege, that NCO is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection, as that term is defined by Cal. Civ. Code § 1788.2(b). As such, NCO is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c), operating in the County of Los Angeles, State of California.

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

//

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff was an individual residing within the State of California. Plaintiff is, and at all times mentioned herein was, a person as defined by 47 U.S.C. § 153 (10)

19. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California and in the county of San Diego.

21. Sometime before October 12, 2007, Plaintiff is alleged to have incurred certain financial obligations.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before October 12, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before October 12, 2007, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

26. On or around October 12, 2007 at 3:47 pm, Defendant contacted Plaintiff on his cellular telephone, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

//

27. Plaintiff is informed and believes, and thereon alleges, that the telephone number Defendant's called was assigned to a cellular telephone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

28. Plaintiff is informed and believes, and thereon alleges, that this constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

29. Plaintiff is informed, believes, and thereupon alleges that Plaintiff did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

30. The October telephone call by Defendant was in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

31. On or around October 12, 2007 Plaintiff informed Defendant that this was a cell phone number and inconvenient to Plaintiff. Plaintiff then asked Defendant not to call Plaintiff on the cell phone any more and to remove the number from their records.

32. Plaintiff is informed, believes, and thereupon alleges Defendant had knowledge that Plaintiff did not want these collection calls placed on his cellular telephone, yet Defendant still chose to call Plaintiff's cellular telephone; therefore, Defendant's actions were a willful violation of the TCPA.

*SUBSEQUENT CALLS*

33. Subsequently, after October 12, 2007, and on multiple occasions, Defendant contacted Plaintiff on his cellular telephone, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

//

//

//

34. Plaintiff is informed and believes, and thereon alleges, that the telephone number Defendant's called was assigned to a cellular telephone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

35. Plaintiff is informed and believes, and thereon alleges, that this constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

36. Plaintiff is informed, believes, and thereupon alleges that Plaintiff did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

37. These telephone calls by Defendant was in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

38. Plaintiff is informed, believes, and thereupon alleges Defendant had knowledge that Plaintiff did not want these collection calls placed on his cellular telephone, yet Defendant still chose to call Plaintiff's cellular telephone; therefore, Defendant's actions were a willful violation of the TCPA.

39. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

40. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with a consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1).

//

41. Through this conduct, Defendant communicated, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances. Consequently, Defendant violated Cal. Civ. Code § 1788.11(e).

42. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ

*By Plaintiff Against Defendant NCO Financial Systems Inc.*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant NCO Financial Systems Inc., constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45. As a result of Defendant' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

//
//
//
//
//

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. § 227 ET SEQ.

*By Plaintiff Against Defendant NCO Financial Systems Inc.,*

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant NCO Financial Systems Inc., constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

48. As a result of Defendant' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

51. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT IV

### INVASION OF PRIVACY – INTRUSION INTO AFFAIRS

*By Plaintiff Against Defendant NCO Financial Systems Inc.*

52. Plaintiff re-alleges each and every previous paragraph as though set forth fully herein.

53. Plaintiff alleges that Plaintiff has a reasonable expectation of seclusion, solitude, and physical and/or sensory privacy regarding the use of Plaintiff's cellular telephone.

54. Defendant violated Plaintiff's reasonable expectation of seclusion, solitude, and physical and/or sensory privacy that surrounds Plaintiff regarding plaintiff's cellular telephone by incessantly causing Plaintiff's cellular telephone to ring without Plaintiff's consent, and causing plaintiff to incur charges for each call.

55. As a result of Defendant' unlawful misuse of Plaintiff's cellular telephone, and of Defendant's invasion of Plaintiff's privacy and intrusion into Plaintiff's solitude, Plaintiff has sustained general damages to Plaintiff's peace of mind. Further, Plaintiff seeks Punitive damages to punish Defendant for their aforementioned unlawful conduct.

## COUNT V

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE § 1788 ET SEQ. (RFDCPA)

*By Plaintiff Against Defendant NCO Financial Systems Inc.*

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions of this Defendant constitute numerous and multiple violations of the Rosenthal Fair Debt Collection Practices Act.

//
//

58. As a result of this Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Plaintiff is entitled to actual damages, statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court grant Plaintiff, against Defendant, the following relief:

#### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff is entitled to $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- As a result of Defendant's negligent violations of 47 U.S.C. § 227(d)(3)(A), Plaintiff is entitled to $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- As a result of Defendant's negligent violations of 47 U.S.C. § 227(d)(3)(B), Plaintiff is entitled to $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Any and all other relief that the Court deems just and proper.

#### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1)(B), Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//
//

Case 3:08-cv-01815-WQH-BLM   Document 1   Filed 10/06/08   PageID.12   Page 12 of 15

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(d)(3)(A), Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(d)(3)(B), Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692 ET SEQ.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### FOURTH CAUSE OF ACTION FOR INVASION OF PRIVACY

- Plaintiff requests General damages, in the amount of $50,000, for the harm Defendant's have caused to Plaintiff's peace of mind.
- Plaintiff requests punitive damages in an amount according to proof and a finder of fact at trial.
- Any and all other relief that the Court deems just and proper.

### FIFTH CAUSE OF ACTION FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE § 1788

- for an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be determined at trial;
- for an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

- for an award of costs of litigation and reasonable attorney's fees for, pursuant to Cal. Civ. Code § 1788.30(c);
- for any other relief that the court deems just and proper.

Dated: October 6, 2008                     **Respectfully submitted by,**

**Hyde & Swigart**

By: _____
**Joshua B. Swigart, Esq.
Attorneys for Plaintiff,**

### TRIAL BY JURY

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 6, 2008                     **Respectfully submitted by,**

**Hyde & Swigart**

By: _____
**Joshua B. Swigart, Esq.
Attorneys for Plaintiff,**

```
       UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

    #  155729      -- TC
    *  * C O P Y * *
       October 06, 2008
           14:48:22


       Civ Fil Non-Pris
    USAO #.: 08CV1815
    Judge..: WILLIAM Q HAYES
    Amount.:              $350.00 CK
    Check#.: BC2613



    Total-> $350.00


    FROM: LEMIEUX
          VS
          NCO FINANCIAL
```

JS-44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Kevin Lemieux, an individual, on behalf of himself

**DEFENDANTS**
NCO Financial Systems INC.

'08 CV 1815 WQH BLM

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF:** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT:** Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Robert L. Hyde, Esq. SBN: 227183
411 Camino Del Rio South, Ste. 301
San Diego, CA 92108
Tel: 619-233-7770

**ATTORNEYS (IF KNOWN)**
Unknown

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788-1788.32 (RFDCPA)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☑ 890 Other Statutory Actions |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☑ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
**DEMAND $** 76000
Check YES only if demanded in complaint:
**JURY DEMAND:** ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   Docket Number _____

DATE 10/6//2008   SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

#155729   $350
TAC   10/6/08

**ORIGINAL**